## Thiel v. West Goshen Township Zoning Hearing Board

*Joseph A. Damico, Jr.,* for appellant.
*Ronald C. Nagle,* for West Goshen Township.
ment.

STIVELY, *J.,* August 31, 1976 — Appellants' proposed use of the premises in question would be that of a "Dunkin' Donuts" operation, wherein doughnuts would be baked on the premises and then sold at retail for consumption off the premises or for consumption on the premises together with certain beverages.

The issue is, does this use constitute a retail sale of food and accessory uses in the West Goshen Township C-3 Zoning district in question, or does it constitute a restaurant — not permitted in this zoning district.

The West Goshen Township zoning hearing board determined that the projected use was that of a restaurant and a bakery, not retail sale. Hence this appeal.

Since this court took no evidence in this matter, our duty is to review the findings of the zoning hearing board and determine whether there has been an abuse of discretion or an error of law: Surrick v. Upper Providence Township Zoning Hearing Board, 11 Pa. Commonwealth Ct. 607, 314 A. 2d 565 (1974).

The proposed building would be approximately 43 feet in length and 34 feet in width. The interior would consist of a sales area (approximately 590 square feet), a kitchen (approximately 360 square feet), a storage area, an office, and a heater room (each approximately 36 square feet), two restrooms, and a corridor.

Approximately 51 varieties of doughnuts would be baked on the premises and all of said doughnuts would be sold on the premises. Seventy percent of the sales (in volume) would be "take-out" sales. The remaining 30 percent would be consumed on the premises at the eighteen stools situated in the sales area. Certain beverages, i.e., coffee, tea, orange juice, and hot chocolate, would be sold for consumption with the dougnuts. Twenty seven lineal feet of counter space would be utilized for on-site consumption, six feet for counter sales.

The West Goshen Township zoning ordinance does not define "retail sale" or "bakery." "Restaurant" and "accessory use" are defined as follows:

"Restaurant — An establishment used for the purpose of furnishing meals to the public to be consumed within the building of the place of business, in accordance with the design and intention of the facilities.

"Accessory Use — A. A use conducted on the same lot as a principal use to which it is related, and located either within the same structures or in an accessory structure or as an accessory use of land; except that off-street parking need not be located on the same lot.

B. A use which is clearly incidential to, and customarily found in connection with, a particular principal use."

The critical words in the ordinance definition of "restaurant" are "furnishing meals." Does the

proposed use constitute furnishing a "meal" to the public?

Since the zoning ordinance does not define a "meal," the commonly understood meaning must be applied. Immediately, one is cast adrift on the seas of semantics. To paraphrase, "one man's meal is another man's doughnut and coffee." Perhaps the average man could not define the word, but could tell what it is *not*. Dictionary definitions are so broad as to be meaningless. No judicial definition in this Commonwealth can be found. Other jurisdictions have ruled that the generally accepted concept of a "meal" is that of a larger quantity of food than a sandwich and implies a more diversified selection of foods than could, for example, be found at a soda fountain: Treasure Island Catering Co. v. State Board of Equalization, 120 P.2d 1 (1941); In re Kinzel, 59 N.Y.Supp. 682 (1899); Greco v. Moosbrugger, 42 N.E.2d 211, 213 (1942).

In construing the words "meal" and "restaurant," consideration must also be given to the "mischief to be remedied" and "the object to be attained": Statutory Construction Act of 1972, sec. 3; 1 Pa.C.S. 1921 (c). The operation of the usual type restaurant would create traffic, parking, garbage and trash disposal, and health problems that would be significantly greater than any such problems arising from the use proposed here.

Words descriptive of business uses of property undefined in a zoning ordinance must be liberally construed in favor of the permitted use so as not to extend the restrictions of the ordinance to any limitation of use not therein clearly prescribed — any ambiguity in their meaning or application will be resolved in favor of the property owner: Abington

Township v. Dunkin' Donuts Franchising Corp., 5 Commonwealth Ct. 399, 291 A.2d 322 (1972). When a phrase is used in a zoning ordinance in a permissive sense, it must be given its broadest meaning and, when used in a restrictive sense, it must be given its strictest meaning, thus affording the landowner the least restrictive use and enjoyment of his land: Burgoon et al. v. Zoning Hearing Board of Charlestown Township, 2 Pa. Commonwealth Ct. 238, 277 A.2d 837 (1971).

It must be concluded that the proposed use would not constitute a "restaurant" as defined by the West Goshen Township Zoning Ordinance.[1]

The zoning hearing board found that appellant's planned use constituted a "bakery," a use which the board found to be permitted in I-1 or I-2 Industrial Districts under Sections 84-37B and 84-41B of the zoning ordinance.

Since the zoning ordinance does not define "bakery," the commonly understood meaning must prevail.

Websters Third New World Dictionary, 15th ed. 1966 provides this definition: "bakery — a place in which baked products (as bread, cakes, cookies) are made; an establishment (as a retail shop) that sells baked products chiefly or exclusively." (See: Abington Township v. Dunkin' Donuts Franchising Corp., supra, at 403.)

---

1. In Abington Township v. Dunkin' Donuts Franchising Corporation, supra, the court held that a use similar to that proposed in this matter constituted a restaurant and a retail bakery. However, as the West Goshen zoning hearing board correctly pointed out in its decision, such determination was based on a *general* definition of restaurant, the term not being defined in the Abington Township ordinance. Here, the term *is* defined and thus must be so construed.

Under this definition, it cannot be doubted that the use proposed in this matter is, in part, a "bakery." But, by definition, a "bakery" may be a place for the retail sale of food. The zoning hearing board determined that:

"Since all primary activities on the premises deal with the preparation and sale of donuts and since all donuts prepared on the premises are there sold and all donuts sold on the premises are there prepared, we cannot see that either activity is clearly subordinate or incidental to the other."

However, the only reason for baking the doughnuts on the premises would be to sell them there. It is the retail sale of the doughnuts that would be the raison d'etre of the business and the use which would involve the public. The principal use would be the retail sales. The baking of the doughnuts would be an accessory use under the ordinance. As appellants argue:

"Dunkin Donuts limited baking takes place directly in connection with its retail sales. The baking of donuts for sale at retail is on the same level of activity as the cooking of food in a restaurant. If the interpretation of the Zoning Board is accepted, then the cooking of food in a restaurant constitutes food processing and would only be permitted in an Industrial District."

The permitted uses in the I-1 and I-2 districts include the processing *and* distribution of foodstuffs but the language of the sections makes it clear that such use covers processing and distribution with little or no retail activity by the producer or processor. In both districts, retail sales are permitted as special exceptions "provided that such sales shall not be or become the primary

commercial activity on the premises. . . ." A "bakery" of the type proposed here is not the type permitted in the Industrial Districts even by special exception. The proposed use does constitute a "bakery," but the principal use is for the retail sale of food, a permitted use. It is fundamental that zoning regulations are in derogation of the common law and are strictly construed in favor of the property owner: Fidler v. Zoning Board of Adjustment, 408 Pa. 260, 182 A.2d 692 (1962); Ryan, Penna. Zoning Law and Practice, Sec. 4.2.4. In sustaining the zoning officer's denial of a building permit the zoning hearing board abused its discretion and erred as a matter of law. Such action must therefore be reversed.

In its decision, the board also granted a special exception relating to the construction of the proposed building on a nonconforming lot. If it be considered that the appeal applied to that portion of the decision also, it is clear that no reason has been shown for disturbing that part of the decision.

## ORDER

And now, August 31, 1976, upon consideration of briefs and arguments of counsel, that portion of the January 13, 1975 decision of the West Goshen Township zoning hearing board granting a special exception is affirmed, and

It Is Further Ordered that that portion of the aforesaid decision sustaining the denial of a building permit and dismissing the appeal is reversed.